UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK JAMES DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV281 TCM |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 138650), an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the filing fee, thus no filing fee will be assessed in this action. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must/ assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has insufficient funds in his prisoner account, thus no filing fee will be assessed in conjunction with the present action.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are the State of Missouri, St. Louis County, St. Louis County Justice Services, and St. Louis County Justice Services Medical Department. Plaintiff alleges, in a conclusory manner, that he has been fed an insufficient diet since his incarceration in May of 2008 and that as a result, he has lost weight.

**Discussion**

The State of Missouri is absolutely immune from liability under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). And plaintiff's claim against St. Louis County Justice Services is legally frivolous because the jail is not a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). Moreover, plaintiff has not made any medical claims, thus, he has no claim against the

St. Louis County Justice Services Medical. As such, plaintiff's claims against the State of Missouri, St. Louis County Justice Services and St. Louis County Justice Medical Department are subject to dismissal.

Moreover, plaintiff's claims against St. Louis County, as the entity responsible for the St. Louis County Justice Center, fail to state a claim for relief. Plaintiff can only sue St. Louis County for constitutional deprivations visited pursuant to an official policy or custom. *Grayson v. Ross*, 454 F.3d 802. 811 (8th Cir. 2006) *quoting Monell v. Dep't Of Soc. Serv. of City of New York*, 436 U.S. 658, 690-91 (1978) (internal quotations omitted). Plaintiff has not alleged that his weight loss is due to an official policy or custom of St. Louis County, only that he believes his diet to be insufficient for some unnamed reason. For these reasons, plaintiff's allegations against St. Louis County are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will waive the filing fee associated with this proceeding due to plaintiff's insufficient funds.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of March, 2009.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE