# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK JAMES DAVIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:09CV281 TCM |
| ST. LOUIS COUNTY, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1195090), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #22]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the filing fee, thus no filing fee will be assessed in this action. *See* 28 U.S.C. 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint as to defendants St. Louis County, Charles Dooley, Julia Childrey, St. Louis County Justice Services and St. Louis County Justice Services Medical Department.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has insufficient funds in his prisoner account, thus, no filing fee will be assessed in conjunction with the present action.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. In his amended complaint, plaintiff names five defendants: Charles Dooley, St. Louis County, Julia Childrey, St. Louis County Justice Services, and St. Louis County Justice Services Medical Department.

Plaintiff asserts that during his incarceration at St. Louis County Justice Services he was denied adequate nutrition and then denied appropriate medical care when he complained of his sudden weight loss. The Court finds plaintiff's claims survive review under 28 U.S.C. § 1915, and will request that the Clerk of Court issue process on defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will waive the filing fee associated with this proceeding due to plaintiff's insufficient funds.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants St. Louis County, Charles Dooley, Julia Childrey, St. Louis County Justice Services, and St. Louis County Justice Services Medical Department shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 15th day of October, 2010.

    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE